UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLISON DOPP, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NOW OPTICS, LLC, a Florida limited liability company; VISION PRECISION HOLDINGS, LLC, a Florida limited liability company; ALEXANDER SANCHEZ, an individual; AMY KOGER, an individual; and DOES 1 through 50,<br><br>Defendants. | Case No.: 22-CV-964-CAB-RBB<br><br>**ORDER ON PLAINTIFF'S MOTION TO REMAND**<br><br>[Doc. No. 8] |

This matter is before the Court on Plaintiff Allison Dopp's motion to remand to state court. [Doc. No. 8.] The motion has been fully briefed and the Court finds it suitable for determination on the papers submitted and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons set forth below, Plaintiff's motion to remand is **GRANTED**.

### I. BACKGROUND

On January 19, 2022, Plaintiff, a California resident, filed a complaint in San Diego Superior Court against Defendants Now Optics, LLC and Vision Precision Holdings, LLC, both Florida limited liability companies (the "Company Defendants"). [Doc. No. 8-3.] The suit was removed to federal court, and Plaintiff dismissed it without prejudice shortly

thereafter on February 28, 2022. [Doc. No. 8-2 at 2.] On June 10, 2022, Plaintiff filed an individual and class action complaint in San Diego Superior Court against the Company Defendants and two additional defendants, Alexander Sanchez and Amy Koger. [Doc. No. 8-4.] Sanchez and Koger are also California residents. [*Id.* at 4.] On June 22, 2022, Plaintiff amended her state court complaint by filing the operative First Amended Individual and Class Action Complaint ("FAC"), alleging largely the same facts as her prior complaint and adding no additional defendants.[1] [Doc. No. 8-5.] On August 26, 2021, Defendants removed the action to federal court, asserting that this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1332. [Doc. No. 1.]

Plaintiff's FAC asserts thirteen claims for alleged violations of the California Labor Code, gender discrimination, sexual harassment, failure to prevent harassment and/or discrimination, retaliation, and wrongful constructive termination in violation of public policy, among others. [Doc. No. 8-5 at 2.] Of the thirteen claims, six are alleged against Sanchez and five are alleged against Koger, but all thirteen are alleged against the Company Defendants. [*Id.*] Defendants argue that although Sanchez and Koger are California residents and would defeat complete diversity, they were fraudulently joined as sham defendants in Plaintiff's most recent lawsuit in a "deliberate attempt to deprive Defendants of their right to a federal forum." [Doc. No. 1 at 2.]

## II.   LEGAL STANDARD

A suit filed in state court may be removed to federal court by the defendant(s) if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). "The defendant bears the burden of establishing that removal was proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). On the

---

[1] Defendants represent to the Court that in this case, "Plaintiff seeks to join non-diverse parties following removal." [Doc. No. 14 at 7.] This statement is inaccurate. Plaintiff's present lawsuit has included Sanchez and Koger as defendants since its original filing in state court on June 10, 2022. [Doc. No. 8-3.] Plaintiff has not sought to join any additional parties following removal to this Court.

other hand, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244.

Removal to federal court based on diversity jurisdiction requires that the controversy be between citizens of different states. 28 U.S.C. § 1332(a)(1). In determining whether there is complete diversity between the parties, "district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).

The second method of establishing fraudulent joinder requires that the defendant show that the individual joined cannot be liable on any theory. *Id.* However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* at 549 (emphasis in original) (quoting *Hunter*, 582 F.3d at 1046). In other words, fraudulent joinder can be found only when the complaint reveals that the plaintiff has no possibility of stating a claim against the non-diverse defendant. *See id.* Moreover, there is a general presumption against finding fraudulent joinder, and thus a defendant asserting federal jurisdiction on that basis bears a "heavy burden." *Id.* at 548; *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence.").

## III. DISCUSSION

Considering these standards, the Court turns to whether Plaintiff states a possible cause of action against either Sanchez or Koger, or whether Defendants have met their "heavy burden" of establishing fraudulent joinder.

### A. Plaintiff's Claims Against Sanchez

Plaintiff's sixth through ninth, eleventh and twelfth claims are brought against Sanchez and the Company Defendants. [Doc. No. 8-5.] These claims allege: (6) gender discrimination under Cal. Gov't Code § 12940(a); (7) sexual harassment under Cal. Gov't Code § 12940(j); (8) failure to prevent harassment and/or discrimination under Cal. Gov't Code § 12940(k); (9) retaliation under Cal. Gov't Code § 12940(h); (11) retaliation under Cal. Lab. Code § 1102.5; and (12) wrongful constructive termination in violation of public policy under Cal. Gov't Code § 12940 *et seq.* [*Id.*] The crux of these claims is that Sanchez, while acting as Plaintiff's direct supervisor at the Company Defendants' La Mesa store from March to July 2021, allegedly harassed Plaintiff daily by making vulgar and sexually charged comments to her regarding other customers and employees. [*Id.* at 12-13, 20-21.] Plaintiff alleges that because of Sanchez's daily harassment, she was "no longer able to tolerate the abusive and harassing environment" created by her supervisor and was forced to resign. [*Id.* at 13.] Further, Plaintiff alleges that Sanchez "wrongfully refused" to promote her to a Sales Manager position to punish her for opposing his sexual comments and because of her gender. [*Id.*]

The Court finds that Plaintiff has demonstrated at least a "possibility" of stating a cause of action from the above-listed claims against Sanchez. *See Grancare*, 889 F.3d at 549. Plaintiff makes specific factual allegations detailing Sanchez's daily harassing comments, states that these comments were directed to her based on her gender, alleges that she was "punished" for opposing these comments by not being promoted, and asserts that because of Sanchez's severe and pervasive harassment, she was eventually forced to resign. [Doc. No. 8-5 at 12-13.] Accepting these allegations as true, as the Court must at the pleading stage, Plaintiff has alleged sufficient facts from which a state court could

possibly find that Sanchez harassed her in violation of California Government Code section 12940(j). *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Moreover, Defendants have not proven by clear and convincing evidence that Sanchez was fraudulently joined. Defendants have not pointed to anything indicating that the allegations in the present lawsuit were fraudulently made to defeat diversity jurisdiction. Since Plaintiff's first state court complaint filed on January 19, 2022, her factual allegations regarding Sanchez's conduct have remained largely the same. [*See* Doc. No. 8-3 at 6-7; *see also* Doc. No. 8-5 at 12-13.] Plaintiff properly dismissed her first case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), meaning there was no adjudication on the merits. *See* Notice of Dismissal, *Dopp v. Now Optics, LLC, et al.*, No. 3:22-cv-254-BEN-NLS (S.D. Cal. Feb. 28, 2022), Doc. No. 8. Plaintiff was therefore free to bring another case—even a very similar one—naming additional defendants.

Although Defendants contend that Sanchez cannot be personally liable for five of Plaintiff's six claims against him, Plaintiff can at least state a harassment claim against Sanchez individually.[2] Defendants then argue that Plaintiff's allegations do not constitute "actionable harassment" because Sanchez's comments were made about others and not Plaintiff. [Doc. No. 14 at 11 ("Plaintiff fills her FAC with allegations regarding Sanchez's conduct *towards others*, in hopes the bold and lewd nature of the accusations will mask her inability to allege actionable harassment.").] There is no requirement under California law that the harassing comments be made *about* Plaintiff rather than *directed to* her, and Defendants do not cite a single case to support their theory. *See Roby v. McKesson Corp.*, 47 Cal. 4th 686, 707 (2009) ("[H]arassment refers to bias that is expressed or

---

[2] California Government Code section 12940(j)(3) specifically provides that an employee of an entity is "personally liable" for any harassment they perpetrate, "regardless of whether the employer or covered entity knows or should have known of the conduct." CAL. GOV'T CODE § 12940(j)(3).

communicated through interpersonal relations in the workplace," and noting that an employee can have a harassment claim for a supervisor's "abusive messages that create a hostile work environment"); *see also Reno v. Baird*, 18 Cal. 4th 640, 646 (1998) (finding that harassment includes "conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives"). Accordingly, Plaintiff can possibly state at least one claim against Sanchez individually, which is sufficient to find that joinder of Sanchez was proper and warrant remand.

### B. Plaintiff's Claims Against Koger

Plaintiff's first through fourth and thirteenth claims are brought against Koger and the Company Defendants. [Doc. No. 8-5.] These claims allege: (1) failure to pay meal period premiums under Cal. Lab. Code §§ 226.7 and 512; (2) wage and hour violations under Cal. Lab. Code §§ 201, 202, 203, 204, and 510 *et seq.*; (3) failure to provide accurate itemized wage statements under Cal. Lab. Code § 226 *et seq.*; (4) unfair and unlawful business practices under Cal. Bus. & Prof. Code § 17200 *et seq.*; and (13) rest period violations under Cal. Lab. Code § 226.7. [*Id.*] The crux of these claims is that Koger, as the Company Defendants' District Manager and managing agent, allegedly maintained unlawful policies of underpaying Plaintiff and purported class members for overtime, double-time, meal and rest period premiums, and sick time pay. [*Id.* at 10-11.]

Plaintiff's five claims against Koger are premised on alleged wage and hour violations under the California Labor Code. Labor Code section 558.1(a) states that any "employer or other person acting on behalf of an employer who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work" may be held liable as the employer for the violation. CAL. LAB. CODE § 558.1(a). Section 558.1(b) then defines "other person acting on behalf of an employer" as one "who is an owner, director, officer, or managing agent of the employer," with "managing agent" meaning the same as it does in California Civil Code § 3294(b). The California Supreme Court has defined "managing agent" as referenced in section 3294(b) as an employee who "exercises

substantial discretionary authority over decisions that ultimately determine corporate policy." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 573 (1999). The California Court of Appeal recently elaborated that to be held personally liable for a Labor Code violation, the employee "must have had some oversight of the company's operations or some influence on corporate policy that resulted in Labor Code violations." *Espinoza v. Hepta Run, Inc.*, 74 Cal. App. 5th 44, 59 (2022).

Based on Plaintiff's allegations regarding Koger's role and level of knowledge and control as a District Manager, the Court cannot find that there is no "possibility that a state court would find that the complaint states a cause of action" against Koger for Labor Code violations. *See Grancare*, 889 F.3d at 549. Plaintiff alleges that Koger had "intimate knowledge of and control over the wage and hour practices of the stores," and she was responsible for interviewing new employees, hiring/firing, overseeing operations, budget and staffing, and monitoring wages, commissions and budget performance of the Company Defendants' eight San Diego stores. [Doc. No. 8-5 at 10-11.] Plaintiff also alleges that Koger had responsibility for setting District goals regarding budgeting and staffing, and that she had control over operations, payroll policies and practices, and wage payment policies. [*Id.*] These allegations could possibly establish that Koger "exercises substantial discretionary authority" over corporate policy decisions and "had some oversight of the company's operations." *See White*, 21 Cal. 4th at 573; *Espinoza*, 74 Cal. App. 5th at 59. Accordingly, Plaintiff can possibly state a claim against Koger individually, which is sufficient to find that joinder of Koger was proper and warrant remand.

For the reasons stated herein, the Court finds that Defendants have not met their "heavy burden" to show that a state court could not possibly find that the FAC states a cause of action against Sanchez and/or Koger. *See Grancare*, 889 F.3d at 549-50. Consequently, the Court finds Sanchez and Koger's joinder proper, which destroys complete diversity for purposes of subject matter jurisdiction. The Court must therefore remand the case to state court.

## IV. CONCLUSION

In light of the foregoing, the Court finds that removal of this matter was improper and **GRANTS** Plaintiff's motion to remand.  The Court hereby **REMANDS** this action back to state court for lack of subject matter jurisdiction.

Because Defendants removed this matter and opposed remand with no reasonable basis—let alone clear and convincing evidence—for asserting fraudulent joinder, the Court finds that Plaintiff is entitled to attorney's fees and costs under 28 U.S.C. § 1447(c). Accordingly, the Court hereby **GRANTS** Plaintiff's request for reasonable attorney's fees and awards Plaintiff $9,750.00.

The Clerk of the Court shall **CLOSE** the case.

It is **SO ORDERED**.

Dated:  August 22, 2022

Hon. Cathy Ann Bencivengo
United States District Judge